WILLIAM WALDROP v. SILAS M. GREEN.

Injunctions pending at the adoption of the Code of Civil Procedure, are to be proceeded in and tried under the existing laws and rules applicable thereto; *therefore,*

The defendant in such a case has a right to have a motion to dissolve upon bill and answer, considered before a replication can be put in.

An injunction against a recovery at law, granted upon bill which stated as grounds for the application, that the title to a horse which the plaintiff had obtained by exchange from the defendant, *had failed,* and that the defendant was insolvent, and was seeking to recover damages from him for *converting* the horse which he had conveyed by exchange to the defendant, was granted improvidently.

INJUNCTION, dissolved by *Cannon, J.,* at Fall Term 1868 of the Superior Court of CHEROKEE.

The bill, filed to Spring Term 1868, alleged that the plaintiff and defendant had exchanged horses in 1866, and that

'the title to the horse which the plaintiff had received failed; :and that thereupon he claimed that his own horse thereby .reverted to him for the breach of implied warranty by the ·defendant, " and by virtue of said claim it came into his pos- :session; " that the defendant had brought suit for such horse .and had recovered judgment, and was intending to enforce an ·execution thereupon; that in the mean time the plaintiff had brought a suit for the breach of warranty, which was still ·pending; and that the defendant was insolvent. The prayer ·was for an injunction, &c.

The answer denied all the material allegations in the bill ·excepting that there had been an exchange of horses, and that the two suits at law· had been brought, and a judgment ·obtained by the defendant in the one brought by him.

At Spring Term 1868, upon the coming in of the answer, a :motion was made to dissolve the injunction theretofore granted, .and such motion was continued.

At Fall Term 1868 upon the cause being called, the counsel ·for the plaintiff objected that as it now stood upon the law docket, the motion for a dissolution should not be heard; but that the plaintiff should be allowed to put in a replication, and have the facts tried *instanter* before a jury, announcing himself ready for such trial.

His Honor overruled the objection and on consideration of the motion, ordered the injunction to be dissolved. Thereupon the plaintiff appealed.

*Phillips & Merrimon*, for the appellant.

No counsel, *contra*.

PEARSON, C. J. This case was entered on his docket by the clerk of the Superior Court, according to sec. 400, " Code of Civil Procedure." · By sec. 402, it is directed: " The said suits shall be proceeded in and tried under the existing laws and rules applicable thereto." So we agree with his Honor in his ruling, that the plaintiff had no right to take issue upon the facts set out in the answer, and have such issue

submitted to a jury. Before the Court could take any further action in the cause, we think the motion to dissolve the injunction on bill and answer was properly before the Court for determination.

We also agree with his Honor, that upon bill and answer the injunction ought to have been dissolved, indeed we are inclined to the opinion that the bill upon its face, has no equity. The injunction was improvidently granted.

Let this be certified, &c.

PER CURIAM.                                      Ordered accordingly.